**UNITED STATES ex rel. Derrick MORGAN, Petitioner,**

v.

**Thomas PAGE, Respondent.**

No. 97 C 4771.

United States District Court, N.D. Illinois, Eastern Division.

March 17, 1999.

Derrick Morgan, Menard, IL, pro se.

Catherine F. Glenn, William Lloyd Browers, Illinois Atty. General's Office, Chicago, IL, for Respondent.

## MEMORANDUM AND ORDER

MANNING, District Judge.

Pro se petitioner Derrick Morgan's motion for leave to file a late notice of appeal is before the court. For the following reasons, Morgan's motion is granted. Morgan is also ordered to file an appropriately specific motion for issuance of a certificate of appealability under 28 U.S.C. § 2253 by March 29, 1999. If Morgan fails to do so, the court will summarily decline to issue a certificate of appealability.

## Background

On December 30, 1998, the court denied Morgan's petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Morgan v. Page*, No. 97 C 4771, 1998 WL 919710 (N.D.Ill.Dec.30, 1998). The court's judgment was entered on the docket on December 31, 1998. In his March 4, 1999 affidavit supporting his motion, Morgan states that he first learned of the court's decision and judgment on February 24, 1999, when he received a response to his letter to the clerk regarding the status of his § 2254 petition. The court notes that the letter from the clerk is dated February 24, 1999 and that Morgan is incarcerated at the Menard Correctional Center in Menard, Illinois.

## Motion for Leave to File a Late Notice of Appeal

 Federal Rule of Appellate Procedure 4(a)(6) governs the filing of extensions of time to file a late notice of appeal. That rule provides that: "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied: (A) the motion is filed within 180 days of entry of the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier; (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive notice from the district court or any party within 21 days after entry; and (C) the court finds that no party would be prejudiced."

The court finds that Rules 4(a)(6)(B) & (C) have been satisfied as it appears that neither the petitioner nor the respondent received notice of the court's decision and no party would be prejudiced by allowing a late appeal. The time limitations in Rule 4(a)(6)(A) presents a closer question. That section requires the court to deny the motion for an extension unless it is filed by March 3, 1999 (7 days after Morgan states

that he learned of the court's decision), as this date is earlier than 180 days after the entry of the court's judgment on December 31, 1998. *See* Fed. R.App. P. 26 (addresses how to compute time).

Morgan, as noted above, states that he received notice on February 24, 1999. Even counting from the date that he signed his affidavit and apparently mailed it—March 4—using the prisoner mailbox rule in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), it thus appears that Morgan is one day late. In turn, this means that he is outside the time limits prescribed by Rule 4(a)(6)(A). In the words of Judge Terence Evans of the Seventh Circuit, however, this case is not ultimately about the "diff'rence a day makes," *See Spears v. City of Indianapolis,* 74 F.3d 153, 154 (7th Cir.1996) (quoting the refrain—"What a diff'rence a day makes ... twenty-four little hours"—from the song "What a Difference a Day Makes, popularized by Dinah Washington, in the Summer of 1959").

This is because Morgan states that he received notice on February 24, 1999 and the letter from the court advising Morgan of the December 20, 1998 decision is dated February 24, 1999. Morgan is incarcerated in Menard, Illinois, while the letter was sent from Chicago, Illinois. Construing Morgan's pro se pleadings broadly, the court finds that he could not have received the letter on the very same day that it was sent. The court also finds that Morgan's statement that he did receive notice on February 24, 1999, is due to his pro se effort to provide a summary of relevant dates for the court.

In other words, the court finds that the only reasonable explanation for Morgan's statement that he received the letter on February 24th is that he simply copied the letter's date into his affidavit, as he was unaware that the date that he received notice was critical. The court notes that it will not require Morgan to advise it of the date that he received actual notice as, even if the court generously assumes that the

letter made its way to the Menard Correctional Center in one day (*i.e.,* that it arrived on February 25, 1999) and was distributed to Morgan on that same day, his motion would still be timely as it would have been filed within seven days after receipt. For these reasons, Morgan's motion for leave to file a late notice of appeal is granted.

### *Certificate of Appealability*

█ Morgan's victory on his motion for leave to file a late notice of appeal does not necessarily mean that he is entitled to have the Seventh Circuit consider the merits of his appeal, as 28 U.S.C. § 2253 provides that he needs a certificate of appealability to pursue an appeal. Specifically, 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Further, § 2253(c)(3) provides that: "[t]he certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

Morgan has not filed a motion seeking the issuance of a certificate of appealability. His filings to date also fail to specify any grounds supporting the issuance of a certificate of appealability. Accordingly, the court grants Morgan leave to file an appropriately specific motion for issuance of a certificate of appealability by March 29, 1999. Failure to do so will result in the issuance of an order summarily declining to issue a certificate of appealability.

### *Conclusion*

Petitioner Derrick Morgan's motion for leave to file a late notice of appeal is granted. The clerk is directed to file the tendered notice of appeal and transmit it to the Seventh Circuit. Morgan is also ordered to file an appropriately specific motion for issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253 by March 29, 1999. Failure to do so will

result in the issuance of an order summarily declining to issue a certificate of appealability.